Dugro, J.
This is an appeal from a judgment in favor of plaintiff in an action brought to foreclose a lien for materials furnished to McGown and Hyde, contractors for the erection of a building belonging to James McGay, their co-defendant in this action.
The main question to be determined in this case is the validity of an alleged ageement, made between the owner and the contractor McGown, on October 8, 1884. If this agreement is invalid, the judgment should not be disturbed. I do not think that the agreement has been shown to be a binding one upon McGown.
The latter’s testimony to the effect that he knew nothing in relation to the making of the agreement; that he first knew of it when he had about finished the work; that the signature to it didn’t seem to be his, anti his evidence: “Q. Do you recollect the fact, or the time, or any circumstances •connected with the signing of that paper? A. I recollect that I did not feel very well, and he took a bottle of whiskey out of the closet and gave me three or four drinks and that is about all I know, and afterwards he showed me this; I have no recollections of it myself; ” when considered with all the circumstances of the case, make it so I cannot but believe that he never consciously assented to the agreement •claimed.
The circumstances which particularly impress me to this conclusion,- are, that, * * * Hyde, McGown’s partner, was not informed by McGown of the existence of the alleged agreement; that the services rendered, and the money advanced prior to October eighth, could not reasonably or fairly be considered to be worth an amount, even approximating the $1,500 (which the defendant McGay says he charged against McGown on October 8, 1884); that McGay had a disposition at times to asks contractors for an allowance to him of a commission for payment of McGown’s orders upon him; that McGay recognizing Hyde, who is not claimed to have been a drunkard, as interested in the con *206 tract, made the alleged agreement with McGown, of whom he says, “ I went to the work almost every day, and the poor little fellow (McGown), I would find him lying drunk somewhere.”
The circumstances of the case, and the fact that if McGown was drunk and unconscious of his actions on the eighth of October, he would naturally be unable to recollect what occurred, and that at the trial better opportunity existed for a determination of the amount of credit to be given the testimony of the various witnesses than now exists, make me unwilling to say that the learned trial judge erred substantially in making his fourteenth finding of fact.
As the judgment should not be disturbed if this finding was properly made, it must be affirmed, with costs and dis' bursements.
All concur.